# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20538

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2015

Lyle W. Cayce
Clerk

VLOEIBARE PRET LIMITED,

Plaintiff - Appellant

v.

LLOYD'S REGISTER NORTH AMERICA, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3653

Before JOLLY and DENNIS, Circuit Judges, and REEVES*, District Judge.

PER CURIAM:**

Vloeibare Pret Limited ("VP") appeals from a magistrate judge's judgment dismissing its tort action against Lloyd's Register North America, Inc. ("LRNA") on the basis of *forum non conveniens*.[1] Specifically, the

---

* United States District Judge of the Southern District of Mississippi, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties consented to proceed before a magistrate judge for all proceedings, including entry of final judgment.

No. 14-20538

magistrate judge dismissed the action because it held that VP was bound to a forum selection clause specifying an alternate forum in a contract between LRNA and Palmer Johnson Yachts on the ground of direct-benefit estoppel. For the following reasons, we agree with the magistrate judge and AFFIRM.

I.

VP contracted with Palmer Johnson for the construction of a yacht on December 19, 2006. Subsequently, Palmer Johnson contracted with a classification society, LRNA, to inspect the yacht upon completion to certify that it complied with all applicable safety regulations before VP took possession of the vessel. As a classification society, LRNA has adopted a set of rules that govern its classification services, and the parties agreed that LRNA's inspection procedures were governed by those rules. The contract between Palmer Johnson and LRNA also included a forum selection clause designating an English forum and application of English law to any cause of action arising from LRNA's services.[2] As VP points out, the contract included a disclaimer that "[n]othing in these Terms and Conditions creates rights in favour of any person who is not a party to the Contract with an LR Group entity."

In accordance with the contract, LRNA inspected the yacht, asserted that it discovered no defects, and issued a statement of compliance and certificate of class to VP on June 9, 2008. VP claims that it took possession of the yacht in reliance upon LRNA's inspection and certifications of the vessel. After it took possession of the yacht, VP contracted with LRNA to inspect the yacht to maintain its relevant certifications. LRNA inspected the yacht on at least four additional occasions from 2009 until 2011.

---

[2] LRNA's rules contain another forum selection clause that also points to an English forum for any challenges that are based on LRNA's compliance with its rules.

2

No. 14-20538

According to VP, it began to encounter problems with the yacht in December 2011, when the master of the vessel discovered a hull fracture. Thus began a lengthy period of costly repairs to the vessel as a result of numerous alleged structural defects. To date, VP alleges that it has incurred over $2 million in losses due to the repairs to the vessel.

On December 13, 2013, VP filed suit against LRNA in the district court, alleging claims of gross negligence and negligent misrepresentation and demanding punitive damages. Essentially, VP claims that LRNA misrepresented the condition of the vessel at the time of its initial certifications in June 2008 and that VP was injured as a result. LRNA responded to VP's complaint with a motion to dismiss based on *forum non conveniens*, arguing that VP, a non-signatory to the contract between Palmer Johnson and LRNA, is nonetheless bound by that contract because its cause of action relies on the substance of that contract. The magistrate agreed with LRNA and dismissed the action; this appeal followed.

## II.

This appeal implicates both the doctrine of *forum non conveniens* and the enforceability of a forum selection clause. Traditionally, a federal court relinquishes its jurisdiction under *forum non conveniens* if: (1) an adequate alternative forum is available; and (2) the private interests of the parties and relevant factors affecting the public interest support relinquishing jurisdiction in favor of the alternative forum. *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379–80 (5th Cir. 2002).[3] A party seeking to enforce a forum selection clause pointing to a foreign forum must invoke the doctrine of *forum non conveniens*. *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct.

---

[3] We frequently break these two fundamental considerations into a four-part analytical structure. *See Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 379–80 (5th Cir. 2002).

No. 14-20538

568, 580 (2013). "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Id.* at 581. Thus, the analysis of *forum non conveniens* turns in large part on whether the forum selection clause is enforceable.

A.

Two essential aspects of the contractual arrangement at issue are undisputed: (1) it is undisputed that the Palmer Johnson–LRNA contract contains a valid, enforceable forum selection clause as between the parties to that contract, *i.e.*, neither party contends that the forum selection clause is inherently unenforceable; and (2) it is undisputed that VP is not a party to the Palmer Johnson–LRNA contract. Because VP has only alleged a cause of action based upon misrepresentations that occurred at the time it first took possession of the vessel, the primary issue in this appeal is whether the Palmer Johnson–LRNA forum selection clause also binds VP, a non-signatory to that contract.[4]

LRNA raises the doctrine of direct-benefit estoppel, which binds a non-signatory to a contract if the non-signatory: (1) knowingly seeks and receives "direct benefits" from the contract; or (2) seeks to enforce the contract or asserts causes of action "that must be determined by reference to that contract." *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010). Although the doctrine typically applies in the arbitration context, we have held that direct-benefit estoppel may bind a non-signatory to a forum selection

---

[4] Apparently, VP has not asserted any cause of action based upon LRNA's *subsequent* representations regarding the vessel's condition, which occurred as a result of an inspection contract between VP and LRNA. LRNA contends that the VP–LRNA contract persuasively suggests that VP was aware of the basic forum selection clauses contained in LRNA's contracts and rules. Nonetheless, both parties focus on the forum selection clause in the Palmer Johnson–LRNA contract, and we do the same.

clause.  *Hellenic Inv. Fund, Inc. v. Det Norske Veritas*, 464 F.3d 514, 517–20 (5th Cir. 2006) ("*Hellenic*").

Indeed, this case is analogous to *Hellenic*.  As in *Hellenic*, VP has brought a misrepresentation claim against a classification society.  We have recognized that classification societies like the LRNA perform important work and that shipowners generally have the final responsibility to ensure that a vessel is seaworthy, noting that classification societies' "activities should not derogate from shipowners' and charterers' nondelegable duty to maintain seaworthy vessels." *Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.*, 346 F.3d 530, 535 (5th Cir. 2003).  Nonetheless, a shipowner may pursue a misrepresentation claim against a classification society, albeit in circumstances that are "strictly and carefully limited." *Id.*  Thus, a plaintiff like VP pursuing a claim against a classification society like LRNA must ultimately show that LRNA's inspection was intended to benefit VP. *Id.* at 536.  In *Hellenic*, we recognized that bringing an *Otto Candies* claim against a classification society implicates direct-benefit estoppel when a third party seeks to avoid a forum selection clause in the contract between the builder and the classification society.  464 F.3d at 519.  We reasoned that "[h]aving stated a claim that expressly requires that [the classification society's] performance be for the [shipowner's] benefit, [the shipowner] cannot avoid the estoppel implication of its position." *Id.*

Here, VP has brought tort claims against LRNA, a classification society, and its success will depend on whether LRNA performed the services under the Palmer Johnson–LRNA contract for VP's benefit.  Additionally, VP's complaint pleads a cause of action that depends upon LRNA's non-compliance with its contractual obligations under the Palmer Johnson–LRNA contract and

its rules.[5]  At bottom, VP must ultimately prove that the contract between LRNA and Palmer Johnson was done for the benefit of VP, and it is estopped from denying the contract when its claims depend on the assertion that the contract was made for VP's benefit.

VP makes several unavailing attempts to distinguish *Hellenic*.  First, it contends that it was unaware of the Palmer Johnson–LRNA forum selection clause prior to this litigation.  It is clear, however, that VP was aware both of the existence of the Palmer Johnson–LRNA contract and its basic terms.  The complaint alleged both that LRNA inspected the vessel "pursuant to an agreement between [LRNA] and Palmer Johnson" and outlined extensively the obligations that LRNA had under the contract.  We have held that a shipowner is bound to a forum selection clause based on direct-benefit estoppel when the "pleadings lead inexorably to the conclusion that it was aware of the Classification Contract and some of its basic terms, namely ensuring compliance with particular regulatory requirements in anticipation of a sale . . . ." *In re Lloyd's Register North America, Inc.*, No. 14-20554, - - - F.3d - - - -, 2015 WL 687685, slip op. at 10 (5th Cir. Feb. 24, 2015) ("*Lloyd's*").[6]  VP also argues that it is not a third-party beneficiary under the Palmer Johnson–LRNA contract, but third party beneficiary status and direct-benefit estoppel

---

[5] For example, VP pled that LRNA had obligations that included to "ensure that vessels are constructed in accordance with applicable shipbuilding plans, Classification Society Rules, and federal and international rules, regulations, statutes and treaties." Similarly, VP alleged that its damages occurred "because it relied on [LRNA's] statements that the [v]essel was in compliance with the [LRNA] approved drawings and class certification requirements when delivered."  In sum, VP asserts that LRNA failed to properly inspect the vessel when making its representations of its compliance to VP, and it is entitled to damages for injuries it sustained in reliance on those misrepresentations.

[6] Although VP now attempts to distinguish our decision in *Lloyd's* in its supplemental letter briefing, it conceded in its initial brief that the issues raised in this case are "virtually identical" to the issues raised in *Lloyd's*.

No. 14-20538

are distinct doctrines.  A third party such as VP may be bound by direct-benefit estoppel even if it is not a third party beneficiary.  *Id.* at 12.

In sum, we conclude that VP is bound by the forum selection clause in the Palmer Johnson–LRNA contract based on direct-benefit estoppel.

B.

Upon concluding that the forum selection clauses are binding upon VP, we follow the directive in *Atlantic Marine* that a binding forum selection clause pointing to an alternate forum requires dismissal, absent exceptional facts.  134 S. Ct. at 581.  Indeed, we are limited to consideration of the public interest factors when deciding whether to enforce a binding forum selection clause.  *Id.* at 582.  VP argues that the magistrate judge erred by failing to consider the private interests of the parties because it was not a *signatory* to the forum selection clause.  *See In re Rolls Royce Corp.*, 775 F.3d 671, 679 (5th Cir. 2014).  This argument is off target, however, because *Rolls Royce* presented an entirely different factual context.  In *Rolls Royce*, the Court addressed whether a party was entitled to severance and transfer of venue based on a valid forum selection clause when other parties to the litigation and with an interest in the litigation had *not* entered into forum selection clauses.  *See id.* at 674–75, 679.  Here, VP is bound to the forum selection clause by direct-benefit estoppel.  Although not a signatory to the agreement, it is nonetheless bound to the same extent as a signatory.  *See Hellenic*, 464 F.3d at 520 (concluding that a non-signatory to the forum selection clause was bound by it and then analyzing whether the forum selection clause should be dispositive as to dismissal of the action).

Turning to the record in this case, VP has not implicated any public interest factors that are so compelling to yield the conclusion that this is the type of "unusual case" where a forum selection clause would not control.  *Atl. Marine*, 134 S. Ct. at 582.  Because VP is bound to the forum-selection clause

No. 14-20538

on the basis of direct-benefit estoppel and no public interest factors outweigh the clause, LRNA was entitled to dismissal of the action on the basis of *forum non conveniens.*

## III.

For these reasons, the judgment of the magistrate judge is

AFFIRMED.